625 A.2d 611

**William T. REIL, Appellant,**

v.

**SECRETARY OF the COMMONWEALTH of Pennsylvania, Brenda K. Mitchell, et al., Appellees.**

Supreme Court of Pennsylvania.

Submitted May 10, 1993.

Decided May 14, 1993.

William T. Reil, Downingtown, for appellant.

Gregory R. Neuhauser, Sen. Deputy Atty. Gen., C. Clark Hodgson, Jr., Philadelphia, for appellees.

NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## *ORDER*

PER CURIAM.

AND NOW, it is hereby ordered that the order of the Commonwealth Court be and the same hereby is affirmed.

PAPADAKOS, J., files a dissenting statement, which is joined by LARSEN, J.

PAPADAKOS, Justice, dissenting.

I respectfully dissent to the affirmance of the order of the Commonwealth Court. The realities of primary elections are that they are generally believed to be exclusively reserved for registered party members, i.e., republicans and democrats, who choose their candidates for the general election in the fall, and which exclude non-registered party members, i.e., independents, from voting in the primaries.

Although all registered voters have the right to cast their vote in the primary election on proposed constitutional amendments, I fear that too many of the electorate do not vote because of the general perception that primaries are for the party members only. Thus, too many of our voters are unintentionally excluded from the election process. The present primary ballot contains candidates from only the Republican and Democratic parties. Thus, other party members, (communists, patriot, libertarians, etc.) may fail to vote believing that they cannot vote in a primary where none of their candidates are vying for their nominations. In fact, recently one newspaper reported that only democrats and republicans can vote on May 18, 1993. Shortly thereafter a retraction appeared that this was in error and that all registered voters could vote on the ballot questions. Even our media was

confused on this issue and had to be corrected by an election official.

I believe the better choice would be for the Legislature to reserve such questions for the general elections in the fall where all registered voters can vote and there are no misunderstandings. Even President Judge Craig, in his opinion being affirmed by my colleagues, acknowledged that the decision of the Legislature to place a constitutional amendment on the primary ballot is unwise. I would suggest it is arbitrary and capricious since it has the effect of denying countless registered voters the right to vote. Under such circumstances, this Court has the authority and the duty to correct such arbitrary and capricious action and order that the proposed constitutional amendment be removed from the primary ballot and placed on the general election ballot.

For this reason, I dissent to the unintentional disenfranchisement of a large segment of our registered voters.

LARSEN, J., joins this Dissenting Statement.